# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.A. FISCHER, K.J. BRUBAKER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**KENNETH O. HINER**
**SEAMAN RECRUIT (E-1), U.S. NAVY**

**NMCCA 201400211**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 13 March 2014.
**Military Judge:** CDR Ian Thornhill, JAGC, USN.
**Convening Authority:** Commanding Officer, Recruit Training Command, Great Lakes, IL.
**Staff Judge Advocate's Recommendation:** LCDR M.J. Wooten, JAGC, USN.
**For Appellant:** Capt Michael Magee, USMC.
**For Appellee:** Mr. Brian Keller, Esq.

**30 September 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge convicted the appellant, pursuant to his pleas, at a special court-martial of two specifications of abusive sexual contact and one specification of assault consummated by a battery in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 928. The military judge sentenced him to confinement for nine months,

forfeiture of "two-thirds pay and allowances for a period of 9 months," and a bad-conduct discharge.

In his initial action, the convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed. After the case was docketed with this Court, the appellant filed a motion for relief from post-trial processing error, citing erroneous advice in the staff judge advocate's recommendation (SJAR) and failure of the CA to state in his action that pursuant to a pretrial agreement, all confinement in excess of 89 days was suspended for the period of confinement served plus six months thereafter.[1] In his motion, the appellant also identified that the sentence as adjudged and approved exceeded the maximum authorized because it included allowances and failed to state a whole dollar amount.

We granted the appellant's motion, set aside the original CA's action, and remanded the case for a new SJAR and CA's action.

The case now returns to us with a new SJAR and CA's action and without further assignment of error. The erroneous advice in the previous SJAR has been corrected and the amended CA's action properly states that under the terms of the pretrial agreement, all confinement in excess of 89 days is suspended. The CA's amended action, however, fails to take any corrective action regarding the forfeitures and instead approves them as adjudged.

We find that the adjudged and approved sentence of forfeiture of "two-thirds pay and allowances for a period of 9 months" exceeded the maximum allowed by law at a special court-martial. Forfeitures at a special court-martial may not exceed two-thirds pay per month for one year. Art. 19, UCMJ. Allowances are subject to forfeiture only when the sentence includes forfeiture of all pay and allowances. RULE FOR COURTS-MARTIAL 1001(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Extending forfeitures to allowances was, accordingly, error. Furthermore, except in the case of total forfeitures (applicable at general courts-martial), the sentence must state the exact amount in whole dollars to be forfeited each month. *Id.* The maximum amount of forfeitures that could have been adjudged and

_____

[1] The appellant was, nonetheless, released from confinement under the terms of the pretrial agreement prior to the CA's initial action.

approved was $1021.00 pay per month for 12 months.  We will correct these errors in our decretal paragraph.

After taking corrective action, we conclude that the findings and sentence are otherwise correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

Accordingly, the findings of guilty and only so much of the sentence as provides for confinement for nine months, forfeiture of $1021.00 pay per month for a period of nine months, and a bad-conduct discharge are affirmed.  All rights, privileges, and property to which the appellant may have been deprived by virtue of execution of forfeitures in excess of $1,021.00 pay per month for nine months shall be restored to the appellant.

For the Court

R.H. TROIDL
Clerk of Court